KAYLA MALL,

              Plaintiff,

v.

AMERICAN HONDA MOTOR CO.

              Defendant.

_____/

CIVIL ACTION NO. 06-12332

DISTRICT JUDGE BERNARD A. FRIEDMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER GRANTING IN PART DEFENDANT'S MOTION
## TO STRIKE PLAINTIFF'S EXPERTS

Defendant's Motion to Strike Plaintiff's Experts was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, for hearing on March 27, 2007. Having reviewed Defendant's Motion, together with Plaintiff's Response, and having heard the arguments of counsel, I find that the Motion must be granted as to Plaintiff's proposed expert, Dr. Boehm.

The identification of expert witnesses was governed in this case by a written Scheduling Order, as amended by stipulation of the parties. That Order provided that Plaintiff was to identify her expert witnesses on or before November 1, 2006, and produce ("without awaiting a discovery request") a written Expert Witness Report on or before February 15, 2007. Plaintiff complied with the first requirement by listing her expert witnesses on October 26, 2006. She failed to comply with the second provision of the Scheduling Order in that she did not provide a written Expert Witness Report as required by Fed.R.Civ.P. 26(a)(2) on or before the February 15, 2007 deadline.

Defendant's counsel pointed out Plaintiff's failure in correspondence to her attorney on February 19 and 22, 2007. Plaintiff's attorney was advised that a Motion to Strike Plaintiff's Experts would be filed on February 26, 2007 unless the tardy reports were submitted (or Plaintiff agreed to withdraw her expert witnesses) no later than February 23, 2007. Plaintiff neither submitted the reports nor withdrew the witnesses.

At oral argument, Plaintiff's counsel conceded the foregoing facts, but sought to excuse the failure to produce timely expert reports by citing Plaintiff's general compliance with other discovery obligations, by alleging various informal agreements regarding discovery issues and pointing out several failures on the part of the Defendant to meet its own discovery responsibilities. In response, defense counsel confirmed that some mutual accommodations regarding discovery had been made, but denied the existence of any agreement that a party could violate scheduling order deadlines.

Informal agreements to depart from the requirements of the Federal Rules of Civil Procedure are a common source of conflict and delay in the completion of civil discovery. Attempts by judicial officers to impose "rough justice" in the wake of disputes which inevitably result from such ad hoc agreements generally serve only to add uncertainty to the litigation process. This court is persuaded that the better course is to require compliance with the rules of procedure with which all counsel should be familiar.

While I am normally disinclined to strike evidence which is central to a party's case, I find that the relief sought by Defendant is appropriate in this case. "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" Roberts v. Galen of Virginia, Inc., 325

F.3d 776, 782 (6th Cir. 2003).  On the facts of this case, I do not find that Plaintiff has demonstrated harmlessness or substantial justification.  The provisions of the Scheduling Order were clear, and there is no evidence that Plaintiff's counsel was unaware of the obligations imposed by it.  Yet, even as of the date of the hearing of this motion, Plaintiff had not yet retained a liability expert.  As a result of Plaintiff's failure of compliance, Defendant was deprived of any information regarding the opinions to be expressed by Plaintiff's proposed liability expert, or the facts upon which those opinions would be based. The <u>Roberts</u> decision cites <u>Vaughn v. City of Lebanon</u>, 18 Fed.Appx. 252, 264 (6th Cir. 2001), for the proposition that the commentary to Rule 37(c)(1) "strongly suggests that [a] 'harmless' [violation] involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party."  Also cited in <u>Roberts</u> was <u>Bowe v. Consolidated Rail Corp.</u>, 2000 WL 1434584 (6th Cir. Sept. 19, 2000) in which the Sixth Circuit affirmed the exclusion of an expert witness at trial when the defendants had no knowledge of the substance of the expert's reports.  In this case, Plaintiff was clearly aware of her obligation to submit timely expert reports.  On the facts presented in this case, I do not find that Plaintiff's failure was merely an inadvertent omission.  Accordingly, Defendant's Motion to Strike Plaintiff's Experts is granted as to Plaintiff's proposed liability expert, Dr. Boehm.  The other experts designated by Plaintiff are treating physicians whose records have been produced to Defendant.  Such witnesses are not subject to the requirements of Fed.R.Civ.P. 26(a)(2)(B) regarding reports, and the Motion is denied with respect to them.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: May 17, 2007

---

**CERTIFICATE OF SERVICE**

       I hereby certify on May 17, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 17, 2007. **None.**

                                    s/Michael E. Lang
                                    Deputy Clerk to
                                    Magistrate Judge Donald A. Scheer
                                    (313) 234-5217